

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

March 15, 1968

Honorable O. N. Humphreys
Acting Administrator
Texas Liquor Control Board
Sam Houston State Office Building
Austin, Texas 78711

Opinion No. M-213

Re: Who, if anyone, may be
shown the notices, orders,
records and publications
in custody of the Texas
Liquor Control Board,
which are made "privileged"
documents under Article
666-12a(5), Vernon's
Texas Penal Code?

Dear Mr. Humphreys:

Your request for an official opinion reads, in part:

"In Section 12(a), (5) of Article I of
the Texas Liquor Control Act (Article 666-12a(5),
of Vernon's Texas Penal Code) it is provided as
follows:

'All notices, orders, records and
publications authorized or required by
the terms of this Act shall be privi-
leged . . .'"

The question presented is stated as follows:

"As a consequence of the provisions of Article
666-12a(5) of Vernon's Texas Penal Code who may be
shown the notices, orders, records and publications
in custody of the Texas Liquor Control Board?"

Your request is in effect a request that we construe the word
"privileged" as it is used in Article 666-12a(5), Vernon's Penal
Code. Said provision reads as follows:

"(5) All notices, orders, records, and publi-
cations authorized or required by the terms of this
Act shall be privileged. It is further provided
that in all suits by the State or Board in which the

- 1021 -

State or Board is a party or parties, a transcript from the papers, books, records, and proceedings of the Board purporting to contain a true statement of accounts between the Board or the State and any person, and all rules, regulations, orders, audits, bonds, contracts, or other instruments relating to or connected with any transaction had between the Board and any person, when certified by the Administrator or Chairman of the Board to be true copies of the originals on file with the Board and authenticated under the seal of the Board shall be admitted as prima facie evidence of their verity, existence, and validity and shall be entitled to the same degree of credit that would be due to the original papers if produced and proved in Court; but when any suit is brought upon a bond or other written instrument, executed by any person and he shall by plea under oath deny the execution of such instrument, the Court shall require the production and proof of the same.

"In the event the Attorney General shall file suit or claim for taxes and attach or file as an exhibit any report or audit of said permittee or licensee, and an affidavit made by the Administrator or his representative that the taxes shown to be due by said report or audit are past due and unpaid, that all payments and credits have been allowed, then, unless the party resisting the same shall file an answer in the same form and manner as required by Article 3736, Revised Civil Statutes of Texas, of 1925, as amended by Chapter 239, Acts of the Regular Session of the Forty-second Legislature, said audit or report shall be taken as prima facie evidence thereof, and the proceedings of said Article are hereby made applicable to suits to collect taxes hereunder.

"A certificate under the seal of the Board executed by any member or the Administrator setting forth the terms of any order, rule, regulation, bond, or other instrument referred to in this Section and that the same had been adopted, promulgated, and published or executed and filed with the Board and was in force and effect at any date or during any period specified in such certificate, shall be prima facie evidence of all such facts, and such certificate shall

> be admitted in evidence in any action, civil or
> criminal, involving such order, rule, and regu-
> lation and the publication thereof, without fur-
> ther proof of such promulgation, adoption, or
> publication and without further proof of its con-
> tents and the same provision shall apply to any
> bond or other instrument referred to in this
> Section."  (Emphasis added.)

To define the problem with which we are presented with precision, we are concerned with whether an absolute or quali-fied privilege was intended by the Legislature in the above quoted provision, and, if only a qualified privilege was in-tended, then we are concerned with its intended scope - i.e., who is it designed to protect and under what circumstances? Why was the privilege placed in the act and how far was it in-tended to extend?

Under Article 666-6(d), Vernon's Penal Code, substantive rules and regulations of the Board are required to be published and they are clearly not intended to be within the privileged category.  Likewise, under Article 6252-13, Vernon's Civil Statutes, rules of procedure and practice in hearings before the Administrator are required to be publicly filed with the Secretary of State's office and are also clearly not intended to be within the privi-leged category.

It is equally apparent that the legislature did not intend (through making reports, etc., privileged) to prevent the con-tents of such required reports, etc., from forming the basis for informed administrative or legislative action, since such books and reports, etc., as are required to be kept under the Act are clearly intended for the sole purpose of allowing the intelligent regulation of the liquor industry.

The word "privilege" has a variety of meanings according to the connection or context in which it is used.  72 C.J.S. 951, Privilege.  From the plain language employed by the legislature in Article 666-12a(5), it is clear that the materials listed are not absolutely privileged but that only a qualified privilege is intended -i.e., the privileged nature of notices, orders, records, and publications authorized or required by the terms of the Texas Liquor Control Act does not prevent the use of such materials in suits to which the State or Texas Liquor Control Board is a party.

Regulatory provisions of this nature are frequently "aimed simply at imposing upon the staff /of an administrative agency 7 a proper silence in everyday intercourse outside of the office and at defending the records /of a private business nature 7 from the intrusive scrutiny of the public having no interest therein." VIII Wigmore On Evidence 792 (3rd Ed. 1940). Such was the apparent purpose of the Texas Legislature in making records, etc., privileɡed through Article 666-12a(5). The public interest in efficient reguₗ lation of the liquor industry may be effectively served by encouraging, to the extent possible consistent with the Act's purposes and objectives, full disclosure by the licensee to the licensing authority. Conversely, no public interest would be served by making personal business information pertaining to the operation of licensed premises generally available for the use of actual or potential competitors of the licensee. However, when a probable violation of the terms on which the license is granted is disclosed by records filed with or inspected by the Board, or is disclosed by inspection of the premises themselves, the considerations supporting the privacy of such business information are outweighed by the public interest in effective enforcement of the liquor laws. Article 666-12a(5) expressly provides that records are subject to disclosure in such instance (as is obviously necessary to serve the Act's intended regulatory purposes.)

The law is pertinently stated in VIII Wigmore On Evidence 761 (3rd Ed. 1940):

". . . /W 7here the Government needs information for the conduct of its functions and the persons possessing the information need the encouragement of privacy in order to be induced freely to make full disclosure, the protection of a privilege should be accorded.

". . .

"It is some such principle that justifies the modern creation of a number of privileges, all statutory in origin, covering sundry matters required by law to be reported to some administrative official."

Wigmore concludes the above quoted discussion of statutory privilege, in part as follows, supra, at page 801:

"Conclusion. The privilege, when recognized should . . . be subjected to the following limitations:

"...

"(2)  Any statute declaring in general terms that official records are confidential . . . should be liberally construed to contain an implied exception for disclosure when needed in /a_7 court of justice."

Article 666-12a(5), and Article 666-15½A(7), Vernon's Penal Code, relate generally to the same subject matter, are in pari materia, and may therefore be read together where the terms of one of the sections standing alone might be ambiguous.  Pursuant to the above reasoning and authority, the limited privilege described in Article 666-15½A(7), although not directly applicable by its terms to dealings with all types of licensees, may be deemed to be the type of privilege which was intended in Article 666-12a(5) - i.e.:

"...  No such state officer as herein provided shall make public or use documents or information derived in the course of examination of records or documents except in the course of some proceeding in which the Board or the state is a party, either judicial in nature or in an action instituted to suspend or cancel the permit or to collect taxes due or penalties for violation of the laws of this state, or for the information of any officer of this state charged with the enforcement of its laws."

In response to your question, you are advised that any officer of this state charged with the enforcement of its laws may be shown the notices, orders, records and publications in custody of the Texas Liquor Control Board, which are made "privileged" documents under Article 666-12a(5).  Such records, etc., may also be produced in the course of some proceeding in which the Board or the state is a party (either judicial in nature or in an action instituted to suspend or cancel the permit or to collect taxes due or penalties for violation of the laws of this state), and may be presented to the legislature for study in enacting informed legislation regulating the liquor industry.  The business information furnished by licensees or obtained by the Board through inspection of licensed premises is not to be publicly disclosed except for such purposes and to such authorized officials except where such information has become a matter of public record as a result of legal proceedings of the nature specified, including

hearings before the Administrator regarding violations of Texas liquor laws.

## S U M M A R Y

Any officer of this state charged with the enforcement of its laws may be shown the notices, orders, records and publications in custody of the Texas Liquor Control Board, which are made "privileged" documents under Article 666-12a(5), Vernon's Penal Code. Such records, etc., may also be produced in the course of some proceeding in which the Board or the state is a party (either judicial in nature or in an action instituted to suspend or cancel the permit or to collect taxes due or penalties for violation of the laws of this state), and may be presented to the legislature for study in enacting informed legislation regulating the liquor industry. The business information furnished by licensees or obtained by the Board through inspection of licensed premises is not to be publicly disclosed except for such purposes and to such authorized officials except where such information has become a matter of public record as a result of legal proceedings of the nature specified, including hearings before the Administrator on violations of Texas liquor laws.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Larry Craddock
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Dyer Moore
Harold G. Kennedy
Dunklin Sullivan

A. J. Carubbi, Jr.
Executive Assistant